DOCUMENT PREPARED
ON RECYCLED PAPER

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLETCHER DOZIER, JR., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., a Delaware corporation, formerly known as Wal-Mart Stores, Inc.,<br><br>Defendant. | Case No. 2:20-CV-05286-AB-PVCx<br><br>**STIPULATED LIMITED PROTECTIVE ORDER** |

1. **Purposes and Limitations**

On March 5, 2021, the Court issued an order granting Walmart's motion to dismiss plaintiff's first amended complaint. (Dkt. No. 70.) The order granted Walmart's motion and, out of an abundance of caution, granted plaintiff leave to amend so he may attempt to plead fact sufficient to establish standing. The Court expressed concern over plaintiff's investigation into his claims and the class aspects of this case, and ordered the parties to exchange some informal discovery regarding whether Walmart complied with the Regulation vis-à-vis plaintiff, and Walmart's policies regarding tire registration during the relevant period.

The informal information exchange ordered by the Court will involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than as ordered by the Court is warranted.

Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Limited Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2. **Good Cause Statement**

The informal information exchange ordered by the Court will involve production of involve trade secrets or confidential information, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than as ordered by the Court is warranted. Such confidential materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy

rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of materials exchanged informally, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material to address the comments made by the Court in its March 5, 2021 order, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3. **Definitions**

    3.1   "Action" shall mean this pending federal lawsuit, entitled *Fletcher Dozier, Jr. v. Walmart Inc.*, Case No. 2:20-cv-05286-AB-PVC.

    3.2   "CONFIDENTIAL" Information or Items shall mean information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), including, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

    3.3   "Counsel" shall mean Outside Counsel of Record and House Counsel (as well as their support staff).

3.4     "Designating Party" shall mean a Party that designates information or items that it produces pursuant to this Stipulated Protective Order as "CONFIDENTIAL."

3.5     "Expert" shall mean a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

3.6     "House Counsel" shall mean attorneys who are employees of a Party to this Action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.7     "Outside Counsel of Record" shall mean attorneys who are not employees of a Party but are retained to represent or advise a Party and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

3.8     "Party" shall mean any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

3.9     "Protected Material" shall mean any information or tangible thing produced by a Party pursuant to this Stipulated Protective Order and designated as "CONFIDENTIAL."

3.10    "Receiving Party" shall mean a Party that receives Protected Material from a Designating Party.

4.     **Scope**

4.1     The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

4.2     None of the information or documents provided pursuant to this Stipulated Protective Order, in whatever form, constitutes an admission by any Party, a waiver of any privilege or proper objection that may apply, or may be used in any proceeding without the express permission of the Designating Party unless it is otherwise publicly available or is obtained in the course of discovery in the Action, subject to any applicable protective order.

4.3     Nothing in this Stipulated Protective Order shall prevent any party from obtaining any relevant and non-privileged document or writing in discovery. However, no information obtained by a Party pursuant to this Stipulated Protective Order may be disclosed in any discovery request. Further, nothing in this Stipulated Protective Order shall prevent any Party from submitting to the court for *in camera* review any document or writing produced under this Stipulated Protective Order if, in a subsequent discovery dispute, the other party denies that such document or writing exists.

5.  **Duration**

5.1     The confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designated Party agrees otherwise in writing or a court order otherwise directs.

6.  **Designating Protected Material**

6.1     Information, documents, or tangible things that qualify for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

6.2     If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

7. **Access To and Use of Protected Material**

    7.1    A Receiving Party may use Protected Material that is disclosed or produced by another Party pursuant to this Stipulated Protective Order solely for the purposes stated in the Court's March 5, 2021 Order (Dkt. No. 70.)

    7.2    Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.

    7.3    Unless otherwise permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    (a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

    (b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

    (c)    Experts (as defined in this Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (d)    the court and its personnel;

    (e)    court reporters and their staff;

    (f)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

    (g)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

    7.4    Under no circumstances shall access to Protected Material be granted to any employee of any competitor of Walmart, or any person who plans to, expects to, or reasonably anticipates to be employed by or affiliated with a competitor of

Walmart regarding research, development, production, or sales of tires within the next two years.

8. **Protected Material Subpoenaed or Ordered Produced by a Court**

    8.1    If a Party is served with a subpoena or a court order issued in litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

        (a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

        (b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

        (c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

    8.2    If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. **Unauthorized Disclosure of Protected Material**

    9.1    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform

the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. **Inadvertent Production of Privileged or Otherwise Protected Material**

    10.1   When a Designating Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  Pursuant to Federal Rule of Evidence (FRE) 502(d) and (e), in so far as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

11. **Return of Protected Material**

    11.1   Within thirty (30) days of final termination of the Action (the earlier of execution of a settlement agreement, entry of a final judgment or termination of final appeal), counsel for record for each party shall either assemble and return to counsel of record for Producing Party all Protected Material or certify in writing to counsel of record for Producing Party that all Protected Material has been destroyed.

12. **Miscellaneous**

    12.1   <u>Right to Further Relief.</u>  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.  **Violation**

13.1  Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

FOR GOOD CAUSE HAVING BEEN SHOWN BY THE PARTIES' STIPULATION, IT IS SO ORDERED

DATED: April 13, 2021

_____

Hon. Pedro V. Castillo
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Fletcher Dozier, Jr. v. Walmart Inc.*, (Case No. 2:20-cv-05286-AB-PVC). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____